**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **MENG SHI ZHENG,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-2201-KC** |
| | § | |
| **DEPARTMENT OF HOMELAND SECURITY,** | § | |
| | § | |
| | § | |
| **Respondent.** | § | |

**ORDER**

On this day, the Court considered Meng Shi Zheng's Petition for a Writ of Habeas Corpus, ECF No. 1-1.

This Court granted in part Zheng's previous petition for a writ of habeas corpus and ordered that Respondents either (1) provide her with a bond hearing before an IJ, at which the Government was to bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, her continued detention; or (2) release her from custody, under reasonable conditions of supervision. Order, *Zheng v. Grant*, No. 3:26-cv-1485-KC (W.D. Tex. June 8, 2026), ECF No. 4.

In compliance with the Court's Order, Respondents provided Zheng with a bond hearing on June 11, at which the IJ denied Zheng bond on the basis of flight risk. Final J., *Zheng v. Grant*, No. 3:26-cv-1485-KC (W.D. Tex. June 16, 2026), ECF No. 6. Finding no matters remained to be resolved, the Court closed the case. *Id.*

Zheng has now filed the instant Petition, challenging her detention as unlawful and requesting a bond hearing. *See* Pet. ¶¶ 13, 15. But Zheng already received a bond hearing, and her new Petition does not contain any allegations that would indicate that the IJ failed to make

factual findings or conduct an individualized determination. *See generally id.* When a person has already received an individualized custody determination by an IJ, this Court lacks jurisdiction to sit in review of the IJ's discretionary finding that they are a flight risk or danger and therefore should be denied bond. *See Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 678–79 (W.D. Tex. 2025) (citing 8 U.S.C. § 1226(e)).

There is also no indication that Zheng is subject to a final order of removal, which would trigger a new claim and a different reasonableness standard for prolonged detention. *See generally* Pet.; *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001). Thus, her Petition does not raise any viable claims at this time.

Accordingly, the Court **ORDERS** that the Petition, ECF No. 1-1, is **DISMISSED** without prejudice to refiling if any new claims accrue.

**IT IS FURTHER ORDERED** that the Motion to Proceed In Forma Pauperis, ECF No. 1, is **DENIED** as moot.

The Clerk shall close the case.

**SO ORDERED**.

**SIGNED this 27th day of August, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE